## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VINCE ALLEN MANN,

               Plaintiff,                     Case No. 23-cv-10244
                                                Hon. Paul D. Borman

v.

(FNU) SMITH,

               Defendant.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Vince Allen Mann, who is in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.

1972). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Plaintiff alleges violations of his rights under the First, Fourth, and Eighth Amendments. According to Plaintiff, the events giving rise to the Complaint occurred while he was confined at the Muskegon Correctional Facility in Muskegon County, Michigan. The single defendant, corrections officer Smith, is employed at the Muskegon Correctional Facility. Muskegon County is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue here is therefore proper in the United States District Court for the Western District of Michigan, not this Court.

Accordingly, it is ORDERED that the Clerk of the Court TRANSFER this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: February 27, 2023

2